**UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAMPBELL SOUP SUPPLY COMPANY LLC, | CIVIL NO. 16-684(NLH)(JS) |
| Plaintiff/Counter-Defendant, | |
| v. | OPINION |
| PROTENERGY NATURAL FOODS CORP., | |
| Defendant/Counter-Claimant. | |

**APPEARANCES**:

JAY E. KAGAN
DILWORTH PAXSON LLP
LIBERTY VIEW
457 HADDONFIELD ROAD
SUITE 700
CHERRY HILL, NJ 08034
     On behalf of plaintiff

JEFFREY A. COHEN
FLASTER GREENBERG, PC
COMMERCE CENTER
1810 CHAPEL AVENUE WEST
CHERRY HILL, NJ 08002

CRAIG S. FOCHLER
CHARLES R. MANDLY, JR.
FOLEY LARDNER, LLP
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654
     On behalf of defendant

**HILLMAN**, **District Judge**

     Plaintiff, Campbell Soup Supply Company, LLC, filed suit against defendant, Protenergy Natural Foods Corp., asserting several claims arising out of damage to beef, chicken, fish and

vegetable stock that defendant manufactured for plaintiff's *Swanson*® brand.  Plaintiff claims that 600,000 units of stock, shipped on pallets each containing 75 cases (900 individual units), suffered crush damage and were rendered unfit for sale because defendant improperly manufactured and packaged the stock, in violation of the parties' manufacturing agreement.

Pending before the Court is the motion of plaintiff to dismiss one of defendant's counterclaims.  Plaintiff has asserted claims against defendant for breach of warranty (Count I), breach of implied warranty of merchantability (Count II), breach of contract (Count III), and negligence (Count IV).  Defendant filed an answer to plaintiff's complaint, and asserted two counterclaims for breach of contract (Count I) and negligence (Count II) relating to its expenditures for production line qualification costs and money it lost when the stock was damaged due to plaintiff's own packaging specifications.  Plaintiff has moved to dismiss defendant's negligence counterclaim, arguing that it is insufficiently pleaded and fails to state a claim.  Defendant has opposed plaintiff's motion.

## DISCUSSION

### A.   Subject matter jurisdiction

This Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in

2

controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a citizen of New Jersey and Delaware, and defendant is a citizen of Ontario, Canada.

    **B.**    **Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation

3

omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v.

4

Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol.

5

Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

    **C.  Analysis**

Defendant's negligence counterclaim provides:

> 21. Protenergy realleges Paragraphs 1 through 8 and 13 through 16 of this Counterclaim.
>
> 22. In an effort to mitigate the consequences of Campbell's negligence, and acting upon Campbell's instructions to segregate damaged products from undamaged products on the same shipping palates, Protenergy incurred unreimbursed costs of not less than $75,956.50.
>
> 23. As a result of the damages directly and proximately caused by the negligence, carelessness and/or other unlawful conduct of Campbell, Protenergy sustained and incurred damages in an amount in excess of $75,000.
>
> WHEREFORE, counter-plaintiff, Protenergy, prays that this Court enter judgment in its favor against counter-defendant, Campbell, and for actual damages resulting from Campbell's breaches of contract and negligence, plus interest and costs, and for such other and further relief as this Court deems just and equitable.

(Docket No. 9 at 16-17.)

Plaintiff argues that defendant's negligence counterclaim is not supported by any pleaded facts.  Plaintiff argues that the paragraphs incorporated by reference into defendant's negligence claim only concern alleged breaches of the parties' manufacturing

6

agreement and do not provide any basis for a negligence claim.

A cause of action founded upon negligence involves a breach of a duty of care that causes injury, and requires that a plaintiff establish four elements: (1) duty of care, (2) breach of duty, (3) proximate cause, and (4) actual damages. Weinberg v. Dinger, 524 A.2d 366, 373 (N.J. 1987) (citations omitted). "The standard of care ordinarily imposed by negligence law is well established.  To act non-negligently is to take reasonable precautions to prevent the occurrence of foreseeable harm to others.  What precautions are 'reasonable' depends upon the risk of harm involved and the practicability of preventing it." Id. (citations omitted).

"'Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.'" Perkins v. Washington Mut., FSB, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (quoting Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316, 788 A.2d 268 (2002)). If a defendant "owe[s] a duty of care separate and apart from the contract between the parties," a tort claim such as negligence may lie, "[b]ut mere failure to fulfill obligations encompassed by the parties' contract . . . is not actionable in tort." Id. (quoting Saltiel, 788 A.2d at 279).  "Those distinctions between tort and contract actions are critical because attaching a tort claim to a

7

breach of contract action dramatically alters the rules governing damages." Saltiel, 788 A.2d at 276 (citation and quotation omitted).

Defendant's negligence claim simply states that plaintiff's negligence caused it damages. This count does not describe how plaintiff acted negligently. The paragraphs incorporated into defendant's counterclaim concern jurisdiction (paragraphs 1-4), and the remaining paragraphs (5-8, 13-16) are contained in defendant's breach of contract counterclaim:

> 5. Protenergy realleges Paragraphs 1 through 4 of this Counterclaim.
>
> 6. Protenergy is a company engaged in the manufacturing of food and beverage products, including aseptic low acid food and beverage products, including private label manufacturing of such goods.
>
> 7. Campbell is a company engaged in the sale of food products, including goods manufactured for it by private label food manufacturers.
>
> 8. On or about May 15, 2008, Campbell and Protenergy entered into a Contract Manufacturing Agreement ("Manufacturing Agreement") under which, *inter alia*, Campbell engaged Protenergy to manufacture and package private label products in accordance with Campbell's specifications. A true and correct copy of the Manufacturing Agreement is attached to Campbell's Complaint as Exhibit "A."
>
> . . .
>
> 13. In accordance with the Manufacturing Agreement, beginning in approximately June 2014, Protenergy received and accepted orders from Campbell to manufacture and package more than 600,000 cases of certain SWANSON branded stock aseptic products, including an assortment of beef, chicken, fish and

>    vegetable stock aseptic products, in accordance with
>    Campbell's specifications, and that Protenergy arranged for
>    transportation of such goods to one or more locations
>    specified by Campbell.
>
>    14. Under Section 2.1 of the Manufacturing Agreement,
>    Campbell imposed specifications for Protenergy's manufacture
>    and packaging for the aforesaid SWANSON branded aseptic stock
>    products.
>
>    15. With respect to Campbell's aforesaid packaging
>    specifications, such specifications were detailed and
>    specific controlling, *inter alia*, the type and strength of
>    packaging materials, including corrugate used for shipping
>    containers, and product packaging shipping configuration
>    ("Campbell's Specifications").
>
>    16. As a result of the inherent inadequacy of Campbell's
>    Specifications, certain of SWANSON branded stock aseptic
>    products produced by Protenergy for Campbell in compliance
>    with Campbell's Specifications suffered crush damage
>    resulting in an unreimbursed loss to Protenergy of not less
>    than $45,526.95 worth of damaged product.

(Docket No. 9 at 13-16.)

None of defendant's allegations articulate that plaintiff had a duty imposed by law independent of the parties' contract. Indeed, defendant alleges that plaintiff's own specifications in the contract caused plaintiff its damages. At most, defendant's allegations can be read to allege that plaintiff's specifications in the contract were inadequate to prevent the damage to the stock containers. This interpretation of defendant's allegations does not save its negligence claim, however, because defendant's obligation to follow those specifications in the contract was imposed by the contract and not by any other duty imposed under

9

the law.  In other words, defendant contractually agreed to follow the specifications, and it was allegedly damaged when it complied with those specifications.  The remedy for this claim sounds in contact - not negligence.[1]

Consequently, because Count II of defendant's counterclaim complaint fails to state a viable claim for negligence, that count must be dismissed.  An appropriate Order will be entered.


Date:   December 2, 2016           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] In its opposition brief, defendant argues that it has sufficiently stated a claim for negligence, stating: "Protenergy contends that Campbell bore a duty of care in imposing the packaging specifications for the SWANSON branded stock aseptic products at issue in this action.  Protenergy's injuries (e.g., crush damage to packaged product due to the inherent inadequacy of the packaging specification required by Campbell, a sophisticated seller of food products) were wholly foreseeable by Campbell when it contractually imposed its inherently inadequate packaging specifications.  Having imposed such packaging specifications upon Protenergy, it is fair that Campbell be held to owe a duty of care to [Protenergy] in setting such specifications, and the public interest is served by requiring a commercial party to be responsible for the consequences to others of its failing to do so."  (Docket No. 29 at 7-8.)  This recitation of its negligence claim is not contained in its counterclaim complaint.  Thus, the Court cannot take any position on whether these allegations would state a viable negligence counterclaim against plaintiff.  The dismissal of defendant's negligence counterclaim will be without prejudice, however, to defendant's right under Federal Civil Procedure Rule 15 to file a motion for leave to file an amended counterclaim complaint, if defendant wishes to re-plead its negligence counterclaim.